IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
JAN 2 0 2016
Clerk, U.S. District Court
District Of Montana
Billings

KENNETH LESLIE CALDWELL,

Plaintiff,

vs.

UNITED STATES, et al.,

Defendants.

CV 15-00132-BLG-SPW-CSO

RECOMMENDATION AND ORDER
TO DENY MOTION TO PROCEED
IN FORMA PAUPERIS

Kenneth Caldwell, who listed his address as being in Alamosa, Colorado, has submitted a nearly incomprehensible Complaint (*ECF 1*) naming the United States District Court(s) of Idaho, President Obama, Bonneville County/others, a number of unnamed medical practitioners in America, the United States Supreme Court, the United States Court(s) of Appeals for the Ninth Circuit, Alamosa County Court Alamosa Colorado, the Secretary of State, the United States Attorney for the District of Colorado, the Attorney General of Colorado, google.com, Niagara County NY, and Spokane County, WA. *Cmplt.,* *ECF 1 at 3-26.* In his Complaint, Caldwell asks for a court appointed

1

attorney and commencement of this action without the payment of fees or costs. *Cmplt., ECF 1 at 2.*

Subsequent to the filing of the Complaint, Caldwell filed the following documents:

1. Notice of Change of Address indicating that he currently resided in Billings, Montana (*ECF 2*);

2. Motion for Fee Waiver (*ECF 3*);

3. Motion for Preliminary Injunction (*ECF 4*);

4. Motion to Seal (*ECF 5*);

5. Motion for Settlement or Summary Judgment (*ECF 6*);

6. Notice of Genocide (*ECF 7*);

7. Demand for Judicial Notice (*ECF 8*);

8. Demand for Executive Action (*ECF 9*); and

9. Motion for Leave to Proceed in forma pauperis (*ECF 10*).

Caldwell has failed to provide sufficient financial information, his Complaint is frivolous, and venue is improper. The motions to proceed in forma pauperis (*ECF 1, 2, 10*) should therefore be denied and this matter dismissed.

## I. Motions to Proceed in Forma Pauperis

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). Leave to proceed in forma pauperis should be granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for himself and his family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948).

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Caldwell raises allegations on a plethora of issues including complaints about how other courts have handled his cases, an allegation against President Obama for failing to prevent an oil spill, several allegations regarding the public disclosure of his confidential medical records, an allegation that the Secretary of State edited his passport photo to make his face red, an allegation against google.com because it provides a search suggestion with the word obituary after his

name, and an excessive force claim stemming from events in Spokane, Washington. *Cmplt., ECF 1 at 2-26.*

Even liberally construed, Caldwell's Complaint fails to meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Complaint is frivolous. He provides no facts to support his claims, his allegations are conclusory and he has failed to state a federal claim upon which relief may be granted. As such, the motion to proceed in forma pauperis should be denied and this matter dismissed.

## II. Venue

Federal law provides that a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, as provided above, any judicial district in which any defendant is subject to the court's personal

jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court may, sua sponte, raise the issue of defective venue and dismiss or transfer an action before a responsive pleading is filed. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

There is no allegation that any event forming the alleged basis of this action occurred in Montana or that any named Defendant resides in Montana. Caldwell has stated no basis for venue in Montana.

The Court finds that it would not be in the interest of justice to transfer this matter and that it should be dismissed. *See Costlow*, 790 F.2d at 1488 (permitting a district court to dismiss an action sua sponte for improper venue). In addition, the Complaint is so devoid of facts and intelligible allegations and raises such a multitude of unrelated issues that it would be impossible to determine where the matter should be transferred.

Based on the foregoing, the Court **RECOMMENDS** that the following Order be issued by Judge Watters.

DATED this 25th day of January, 2016.

                      Carolyn S. Ostby
                      United States Magistrate Judge

Based upon the above Recommendation by Judge Ostby, the Court issues the following:

**ORDER**

1. Caldwell's request to proceed without payment of fees as contained in his Complaint (*ECF 1*) is denied, all pending motions are terminated, and this matter is dismissed. It would be futile to allow Caldwell an opportunity to pay the filing fee in light of the frivolous nature of his claims and because Montana is not a proper venue for his claims.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. No motions for reconsideration or rehearing will be entertained

and the Clerk of Court is directed to discard any such motions.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 25th day of January, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge